IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| JMP GROUP, LLC, JOSEPH A. JOLSON, | : **SECURITIES EXCHANGE ACT OF 1934** |
| CRAIG R. JOHNSON, MARK L. | : |
| LEHMANN, KENNETH M. KARMIN, H. | : |
| MARK LUNENBERG, CARTER D. MACK, | : |
| JONATHAN M. ORSZAG, STACI | : |
| SLAUGHTER, and GLENN H. TONGUE, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On September 8, 2021, JMP Group LLC ("JMP" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Citizens Financial Group ("Citizens") and Jolt Acquisition LLC ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, JMP's stockholders will receive $7.50 in cash per share.

3. On October 15, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of JMP's common stock.

9. Defendant JMP is a Delaware corporation. JMP's common stock is traded on the New York Stock Exchange under the ticker symbol "JMP."

10. Defendant Joseph A. Jolson is Chief Executive Officer and Chairman of the Board of Directors of JMP (the "Board").

11. Defendant Craig R. Johnson is Vice Chairman of the Board of the Company.

12. Defendant Mark L. Lehmann is President and a member of the Board.

13. Defendant Kenneth M. Karmin is a member of the Board.

14. Defendant H. Mark Lunenberg is a member of the Board.

15. Defendant Carter D. Mack is a member of the Board.

16. Defendant Jonathan M. Orszag is a member of the Board.

17. Defendant Staci Slaughter is a member of the Board.

18. Defendant Glenn H. Tongue is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. JMP Group LLC is a diversified capital markets firm that provides investment banking, equity research, and sales and trading services to corporate and institutional clients as well as alternative asset management products and services to institutional and high-net-worth investors.

21. On September 8, 2021, JMP entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Citizens Financial Group, Inc. (NYSE: CFG or "Citizens") and JMP Group LLC (NYSE: JMP or "JMP") announced today that they have entered into a definitive merger agreement under which Citizens will acquire JMP in an all-cash transaction.

JMP is a highly regarded capital markets firm that provides investment banking services, including strategic advisory, equity research and sales and trading focused primarily on the healthcare, technology, financial services and real estate sectors. Upon the closing of the transaction, JMP, which was founded in 1999 and is headquartered in San Francisco, will operate as a wholly-owned subsidiary of Citizens.

"The acquisition of JMP represents an attractive opportunity for us to continue to broaden both our capabilities and our customer base in our commercial banking segment," said Bruce Van Saun, chairman and chief executive officer at Citizens. "The acquisition further strengthens Citizens' growing corporate finance and strategic advisory capabilities, with a focus on high growth and compelling industry sectors."

"We are adding a wealth of talented bankers as well as an institutional equities franchise that aligns well with our sector-focused corporate banking philosophy," added Donald McCree, vice chairman and head of commercial banking at Citizens. "The transaction brings us a strong platform based in San Francisco and New York, expanding both our range of services and our national presence."

"Citizens takes an approach to business and client service that mirrors our own," said Joseph Jolson, founder and chairman of JMP. "We are energized by the opportunity to provide new strategic advisory and equities capabilities to Citizens' corporate client base while simultaneously offering JMP Securities' clients a highly complementary set of products and services as part of a leading U.S. depository institution."

Under the terms of the merger agreement, JMP shareholders will receive $7.50 for each common share of JMP they own, or approximately $149 million in cash. The merger agreement has been unanimously approved by the boards of directors of each company, and the transaction is targeted to close in the fourth quarter of 2021, subject to approval by the shareholders of JMP, receipt of required regulatory approvals, and satisfaction of other customary closing conditions. As of September 1, 2021, executive management and members of JMP's board of directors owned approximately 60% of its outstanding common shares.

**Advisors**

Sullivan & Cromwell, LLP served as legal advisor to Citizens in connection with the transaction. Keefe, Bruyette & Woods, A Stifel Company, and JMP Securities LLC served as financial advisors to JMP, and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. served as legal advisor.

23. On October 15, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24. The Proxy fails to disclose material information regarding JMP's financial projections, specifically: the line items used to calculate the financial projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26. The Proxy fails to disclose material information regarding the financial analyses conducted by Keefe, Bruyette & Woods ("KBW"). When a banker's endorsement of the fairness

of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding KBW's Selected Companies Analysis, the Proxy fails to disclose the individual multiples for the companies observed by KBW in the analysis.

28. Regarding KBW's Selected Transactions Analysis, the Proxy fails to disclose the individual multiples for the transactions observed by KBW in the analysis.

29. Regarding KBW's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates used by KBW in the analysis; (ii) the terminal values used by KBW in the analysis; and (iii) the excess cash flows used by KBW in the analysis and the underlying line items.

Banker Engagements

30. The Proxy fails to disclose material information regarding KBW's engagement.

31. For example, the Proxy fails to disclose the fees KBW received for the services it provided to Harvest Capital Credit Corporation.

32. The Proxy fails to disclose the fees received by KBW's affiliate for "maintain[ing] a business relationship with an affiliate of Citizens to jointly market certain services to real estate investment trusts."

33. The Proxy also fails to disclose the terms of JMP Securities LLC's ("JMP Securities") engagement, including: (i) the fee JMP Securities has received or will receive in connection with its engagement; (ii) the amount of JMP Securities' fee that is contingent on the consummation of the Proposed Merger; (iii) whether JMP Securities has conducted prior services for any parties to the Merger Agreement or their affiliates; (iv) the timing and details of the

services; and (v) the fees received by JMP Securities for providing the services

## COUNT I

**Claim Against the Individual Defendants and JMP for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

34. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

36. JMP is liable as the issuer of these statements.

37. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

38. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

40. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

41. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

42. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

43. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

44. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of JMP within the meaning of Section 20(a) of the Exchange Act as alleged herein.

46. Due to their positions as officers and/or directors of JMP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

49. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

50. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

52. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

53. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  November 1, 2021                  **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*